UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>PATRICK HACKETT HARDWARE COMPANY, D/B/A WISEBUYS STORES, D/B/A HACKETTS,<br><br>                Debtor | Chapter 11<br><br>Case No. 09-63135-dd |
| TRUE VALUE COMPANY<br><br>                Plaintiff<br><br>v.<br><br>YA GLOBAL INVESTMENTS, LP; WELLS FARGO BANK ACTING THROUGH ITS WELLS FARGO BUSINESS CREDIT OPERATING DIVISION; PATRICK HACKETT HARDWARE COMPANY, D/B/A WISEBUYS STORES, D/B/A HACKETTS; SEAWAY VALLEY CAPITAL CORPORATION<br><br>                Defendants | Adversary Proceeding No. 10-80004-6-dd |

## ANSWER OF YA GLOBAL INVESTMENTS, LP TO ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT

YA Global Investments, LP ("YA Global"), by its counsel, hereby submits the following responses to the numbered paragraphs contained in the Plaintiff's Adversary Complaint for Declaratory Judgment as follows:

1.      The first sentence of paragraph 1 contains a conclusion of law to which no response is required. The remainder of paragraph 1 contains statements relating to the relief sought by the Plaintiff under the Complaint and, therefore, requires no response from YA Global. To the extent that a response is required, YA Global denies that the Plaintiff is entitled to any of the relief it is seeking.

1

2. YA Global admits that this Court has jurisdiction over this action pursuant to 11 U.S.C. § 1334(b) and 11 U.S.C. § 2201 as authorized by 11 U.S.C. § 157(a). YA Global denies that this is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(I), but admits that it is a core proceeding under 11 U.S.C. § 157(b)(2)(K). YA Global denies that FRBP 7001, 11 U.S.C. § 105 or 11 U.S.C. § 110 grant this Court jurisdiction over this matter.

3. YA Global denies that 28 U.S.C. § 1408 provides proper venue in this court, but admits that 28 U.S.C. § 1409 provides proper venue in this court.

4. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, denies the allegations.

5. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies the allegations.

6. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies the allegations.

7. The allegations of paragraph 7 are admitted as to YA Global, but denied as to Yorkville Advisors, LLC. All references herein to YA Global refer only to YA Global Investments, LP and do not refer to Yorkville Advisors, LLC.

8. Admitted.

9. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, denies the allegations.

10. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, denies the allegations.

11. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, denies the allegations. To the extent

paragraph 11 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

12. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, denies the allegations. To the extent paragraph 12 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

13. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies the allegations. To the extent paragraph 13 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents. YA Global denies that the Plaintiff holds a first security interest in the collateral.

14. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, denies the allegations. To the extent paragraph 14 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

15. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies the allegations. To the extent paragraph 15 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

16. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, denies the allegations. To the extent paragraph 16 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

17. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, denies the allegations. To the extent paragraph 17 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

18. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, denies the allegations.

19. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, denies the allegations.

20. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, denies the allegations.

21. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, denies the allegations.

22. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, therefore, denies the allegations.

23. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies the allegations. To the extent paragraph 23 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

24. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, therefore, denies the allegations.

25. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and, therefore, denies the allegations.

26. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies the allegations. To the extent paragraph 26 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

27. Denied.

28. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, denies the allegations.

29. YA Global admits that it was the assignee of Community Bank, N.A. YA Global denies the remaining allegations of paragraph 29.

30. Paragraph 30 refers to written documents that speak for themselves. YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

31. YA Global admits that it executed the Exchange Agreement, but denies the remaining allegation of paragraph 31.

32. YA Global admits that it executed the Exchange Agreement, but denies the remaining allegation of paragraph 32.

33. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, denies the allegations.

34. YA Global is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, denies the allegations. To the extent paragraph 34 refers to written documents they speak for themselves and YA Global denies all allegations that are inconsistent with, or contradictory to the written documents.

## COUNT I

35. YA Global repeats, reiterates and re-alleges each and every response set forth above with the same force and effect as if herein set forth in full.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's claims fail because it had actual and constructive notice of the senior security interest of YA Global prior to perfection of the Plaintiff's security interest, if any.

2. The Plaintiff's claims fail as a result of waiver.

3. The Plaintiff's claims fail as a result of estoppel.

4. The Plaintiff's claims fail as a result of release.

5. The Plaintiff's claims fail as a result of laches.

6. The Plaintiff's claims fail as a result of misnomer of the defendant.

7. The Plaintiff's claims fail because the Plaintiff has suffered no damage or harm.

8. The Plaintiff's claims fail because the Plaintiff caused any harm or damages it suffered.

9. The Plaintiff's claims fail because YA Global's security interest in the Debtor's assets is senior to any interest that the Plaintiff may hold.

10. The Plaintiff's claims fail because the obligations to YA Global were not extinguished.

11.     The Plaintiff's claim for damages and attorneys' fees fails because no contact or statute provides for damages or attorneys' fees.

WHEREFORE, Defendant YA Global Investments, LP requests this Court to dismiss the Complaint with prejudice and award any costs, fees, and interest it incurs in the defense of this matter.

Respectfully submitted,

RIEMER & BRAUNSTEIN LLP

Dated: February 16, 2010

/s/ *Steven D. Isser*
Steven D. Isser, Bar No. 515831
Jeffrey D. Ganz (pro hac vice)
Meegan B. Casey, Bar No. 515882
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
617-880-3568
sisser@riemerlaw.com

*Attorneys for YA Global Investments LP*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>PATRICK HACKETT HARDWARE COMPANY, D/B/A WISEBUYS STORES, D/B/A HACKETTS,<br><br>        Debtor | Chapter 11<br><br>Case No. 09-63135-dd |
| TRUE VALUE COMPANY<br>        Plaintiff<br><br>v.<br><br>YA GLOBAL INVESTMENTS, LP; WELLS FARGO BANK ACTING THROUGH ITS WELLS FARGO BUSINESS CREDIT OPERATING DIVISION; PATRICK HACKETT HARDWARE COMPNAY, D/B/A WISEBUYS STORES, D/B/A HACKETS; SEAWAY VALLEY CAPITAL CORPORATION<br>        Defendants | Adversary Proceeding No. 10-80004-6-dd |

I, Steven Isser, with the law firm of Riemer & Braunstein LLP, hereby certify that on February 16, 2010, I served the foregoing by causing copies of same to be sent by first class, United States mail, postage pre-paid or electronic notification (EN) where indicated to the following interested parties listed below:

David L. Ganje
Two Tower Place, Suite 4
Albany, NY 12203
d.ganje@ganjelaw.com (EN)

                                              /s/ Steven Isser
                                              Steven Isser

1199893.1